UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT D. SANGO,

       Plaintiff,

v.                                                    Case No. 2:15-cv-136
                                                    HON. GORDON J. QUIST

JAMES LECLAIRE, et al.,

       Defendants.
_____/

REPORT AND RECOMMENDATION

       Plaintiff Robert D. Sango filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants ARUS James LeClaire, Corrections Officer Bastain, Grievance Coordinator LaPlante, and Chaplain Snyder. Plaintiff alleges that Defendant Snyder removed him from a religious diet in retaliation for Plaintiff's act of filing a motion for a temporary restraining order in Case No. 2:15-cv-105, and that Defendants Bastain and LeClaire conspired to have prisoner J. Ranum stab Plaintiff and moved Plaintiff two cells away from J. Ranum's cell in order to make it easier for prisoner Ranum to get Plaintiff.

       Plaintiff filed a motion for summary judgment (ECF No. 7). Defendants did not respond to Plaintiff's summary judgment motion. Defendants have filed a motion to revoke Plaintiff's *in forma pauperis* status under § 1915(g) (ECF No. 14). Plaintiff has filed a response to that motion (ECF No. 15).

       Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the

burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the nonmoving party in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that he has shown that Defendant Snyder retaliated against him because Plaintiff was removed from his religious diet only after he filed a motion to obtain a temporary restraining order. Plaintiff argues that he has shown that a causal connection exists for a retaliation claim. Plaintiff states that the Chaplain could have removed him from the diet one month earlier based upon the Chaplain's claim that Plaintiff sent the Chaplain a religious preference change form. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of

ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In order to obtain summary judgment, Plaintiff has to do more than simply state a claim. Plaintiff has to show that there is a lack of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Plaintiff has not satisfied that standard in this motion. Plaintiff has simply alleged that Defendant Chaplain removed him from his religious diet after Plaintiff filed a motion for a temporary restraining order in another case. Plaintiff has not presented any facts that could support his claim that Defendant Chaplain removed him from the religious diet because Plaintiff had filed a motion for a temporary restraining order in another case. In the opinion of the undersigned, the Court cannot make that conclusion based upon the current record in this case.

Plaintiff argues that Defendants Bastain and LeClaire moved plaintiff downstairs so that Plaintiff would be closer to the prisoner that Defendant Bastain was pressuring to stab Plaintiff. Plaintiff argues that Defendants have no defense and that Plaintiff is entitled to summary judgment. Plaintiff argues that this was another retaliatory act on behalf of the Defendants. In the opinion of the undersigned, Plaintiff has not presented facts that show a lack of a genuine issue of material fact. Plaintiff has presented, at best, a speculative argument that is based solely on his own conclusions and not based upon any objective material fact. Plaintiff has not even attempted to support his underlying claim that Defendant Bastain was pressuring another prisoner to stab him. Plaintiff expects the Court to accept that his allegations are true and then conclude that because he was transferred to a different cell, the transfer must have been in retaliation and for the purposes of

facilitating an attack on Plaintiff. In the opinion of the undersigned, the Court should not make that conclusion at the early summary judgment stage of this litigation.

Defendants argue that Plaintiff's *in forma pauperis* status should be revoked because he has three strikes against him. There is no dispute that Plaintiff has three strikes against him. Plaintiff argues that at the time he filed his complaint he was in imminent danger of serious physical injury allowing his *in forma pauperis* status despite his three strikes. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

> upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Defendants argue that Plaintiff never alleged that he was in imminent danger at the time he filed his complaint. Defendants explain that the only allegation in Plaintiff's complaint that could be construed as an exception to the three strikes rule is the allegation that Plaintiff was moved to a cell closer to prisoner Ranum so that it would be easier for prisoner Ranum to stab him. Plaintiff argues that this allegation is exactly what supports his assertion that he was in imminent danger of physical harm at the time he filed his complaint. Defendants argue that this is simply a speculative or hypothetical assertion of a risk of harm that fails to satisfy the standard of imminent danger.

The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir.

> 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir.2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as applied to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In *Vandiver*, the Sixth Circuit reversed the district court's revocation of a prisoner's *in forma pauperis* status concluding "that a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfied the imminent-danger exception." *Id.* at 586. The plaintiff in *Vandiver* alleged that lack of medical care for his chronic illness could result in coma, death, loss of limbs, pain, anguish, or distress. The plaintiff further alleged that he already suffered with partial amputation of his feet. Similarly, the Eighth Circuit found that placing a prisoner in the proximity of inmates on his enemy alert list constituted imminent danger under the

- 6 -

Act. *Ashley v. E. Dilwork*, 147 F.3d 715 (8th Cir. 1998). However, allegations that prison officials prevented a prisoner from using the prison law library and denied access to the courts are insufficient to show a threat of imminent physical injury. *Rittner v. Kinder*, 290 Fed. Appx. 796 (6th Cir. 2008). Similarly, allegations of past physical harm fail to satisfy the imminent danger exception. *Percival v. Gerth*, 443 Fed. Appx. 944 (6th Cir. 2011).

Plaintiff Sango alleged in his complaint that he was moved to another cell due to his filing of lawsuits and grievances. Plaintiff further alleged that prisoner Hamilton informed him that Defendant Bastain had been pressuring prisoner Ranum to stab Plaintiff, and that Defendant Bastain had Plaintiff moved to make it easier for prisoner Ranum to get to Plaintiff. Prisoner Ranum allegedly told Plaintiff that he would cooperate with Defendant Bastain because Bastain had threatened prisoner Ranum with a misconduct. Prisoner Ranum also told Plaintiff that Defendant Bastain told Ranum that he would have Plaintiff moved to make it easier for prisoner Ranum to stab Plaintiff. Plaintiff alleges that Defendant LeClaire moved Plaintiff to further Defendant Bastain's objective. Plaintiff states that when he told the gang leaders that he would pay them the amount that prison staff had offered, Defendant LeClaire showed Plaintiff's prison account statement to the gang leaders to prove that Plaintiff did not have any money to pay them. In the opinion of the undersigned, Plaintiff's allegations are sufficient to show that he was in imminent danger at the time he filed his complaint.

Accordingly, it is recommended that Plaintiff's motion for summary judgment (ECF No. 7) be DENIED, and that Defendants' motion to revoke Plaintiffs' *in forma pauperis* status (ECF No. 14) be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: April 27, 2016 /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE